984 So.2d 608 (2008)
Ernest McKAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-108.
District Court of Appeal of Florida, Third District.
June 11, 2008.
Ernest McKay, in proper person.
Bill McCollum, Attorney General, for appellee.
Before RAMIREZ, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
On or about October 4, 2007, Ernest McKay ("McKay") submitted a "letter" to the Clerk of the circuit court which included several documents and requested reimbursement of the costs related to the production of these documents. The trial court treated McKay's submission as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, and denied it as legally insufficient. Thereafter, McKay notified the trial court that it had incorrectly treated his submission as a motion for postconviction relief; the submission was intended for the "Comptroller"; and he was seeking the Comptroller's address to enable him to direct the submission to the appropriate office. There is nothing in the record provided that reflects a response to this communication by the trial court.
In an effort to resolve the issue, McKay attempted to invoke the jurisdiction of this Court by filing a petition for a *609 writ of prohibition, requesting that this Court prohibit the trial court from construing his letter as a motion for postconviction relief. In recognition that prohibition does not lie where the act has already occurred and there is nothing further to prohibit, see English v. McCrary, 348 So.2d 293 (Fla.1977), this Court hereby treats the petition as an appeal from the summary denial of the order under review, and we reverse.
A review of the documents submitted by McKay on October 4, 2007, reveals no request for postconviction relief, nor does it indicate that McKay intended to seek postconviction relief by filing the documents. While the purpose of the filing is unclear, it is clear that it was not an effort by McKay to seek postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
We, therefore, reverse and remand with instructions to vacate the order under review and for the clerk to correct its records to reflect that the October 4, 2007, submission was not a motion for postconviction relief.
Reversed and remanded with instructions.